**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GRAYSON GRIFFIN MORGAN,

      Plaintiff,

v.                                                              Case No:   6:25-cv-2290-LHP

REGIONS BANK, WELLS FARGO
BANK, N.A. and FIDELITY
BROKERAGE SERVICES LLC,

      Defendants

---

**ORDER**

    This cause is before the Court on several motions (Doc. Nos. 24, 30, 48), all of which are ripe for review, and which the Court addresses *seriatim*.[1]

**I.    BACKGROUND.**

    Plaintiff instituted this action against Defendant Regions Bank ("Regions"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Fidelity Brokerage Services LLC ("Fidelity") in state court on October 23, 2025, and the case was removed to this Court on November 26, 2025.  Doc. No. 1.  On December 12, 2025, Plaintiff filed

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. Nos. 45-47.

an amended complaint (the operative pleading) alleging that a scammer obtained access to Plaintiff's accounts with Regions and performed intra-bank transfers as well as transfers to third-party accounts with Wells Fargo and Fidelity.   Doc. No. 17.

Plaintiff brings claims against Regions for violations of the Electronic Fund Transfer Act ("EFTA") (Counts I-III), Breach of Deposit Agreement (Count IV), and Negligence (Count V), and against Wells Fargo and Fidelity for unjust enrichment (Counts VI-VII).   *Id.*   Plaintiff includes several attachments to the amended complaint, including the Deposit Agreement that Plaintiff alleges governs her accounts with Regions.   *Id.* ¶ 101; *see also id.* at 33-64 (the Deposit Agreement).   The Deposit Agreement includes a binding arbitration provision that applies to any "account", "transaction", "interaction", and "relationship" between Plaintiff and Regions "of any nature whatsoever" that Plaintiff may have or have had with Regions, and any "claims," which are given the "broadest possible meaning" and include "disputes regarding whether a particular controversy is subject to arbitration."   *Id.* at 36-38.

## II.   REGIONS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (Doc. No. 24).

On December 23, 2025, Regions filed a motion seeking to compel arbitration and stay all claims against it based on the terms of the Deposit Agreement's arbitration provision.   Doc. No. 24.   Although the Local Rule 3.01(g) certification

states that Plaintiff opposes, *id.* at 12, in her response, Plaintiff now states that she no longer opposes Region's motion, "with a caveat that Regions still be treated as a party for limited discovery purposes." Doc. No. 49, at 1, 4. Plaintiff provides no legal authority for this requested "caveat." Regions has filed an authorized reply, arguing that Plaintiff's "caveat" is without legal foundation. Doc. Nos. 54, 56.

Upon consideration, the Court finds Region's motion to compel arbitration and stay proceedings against it well-taken, particularly in light of Plaintiff's agreement that her claims are subject to arbitration. Doc. No. 49; *see also Blue Line Investigative Sols. LLC v. Bank of Am., N.A.*, No. 0:25-cv-61110, 2025 WL 3772001, at *3-6 (S.D. Fla. Nov. 17, 2025) (enforcing similar arbitration provision contained in bank deposit agreement); 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ."). And as Regions points out in its authorized reply (Doc. No. 56), Plaintiff's requested "caveat" is squarely prohibited by binding Eleventh Circuit precedent. *See Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("The district court erred in refusing to stay discovery.

An agreement to arbitrate is an agreement to proceed under arbitration, and not under court rules.").

Accordingly, Regions' motion to compel arbitration and stay all claims against it (Doc. No. 24) is **GRANTED**.   Plaintiff's request to continue discovery as to Regions (Doc. No. 49) is **DENIED**.   Given that the case is now stayed as to Regions, its recently-filed motion to extend time to serve its initial disclosures (Doc. No. 58) is **DENIED AS MOOT.**

## III.    WELLS FARGO'S MOTION TO DISMISS (Doc. No. 30) and PLAINTIFF'S RENEWED MOTION TO AMEND COMPLAINT (Doc. No. 48).

The Court next turns to Wells Fargo's Motion to Dismiss First Amended Complaint With Prejudice.   Doc. No. 30.   In sum, Wells Fargo argues that Plaintiff has failed to allege a viable claim for relief against it, and therefore Wells Fargo should be dismissed from this case.   *Id.*   The Local Rule 3.01(g) certification states that Plaintiff opposes the motion, but Plaintiff did not respond to the motion, rendering it unopposed in all respects.   *See* Local Rule 3.01(d).

Instead, on February 3, 2026, Plaintiff filed a "Renewed Motion to Amend Complaint; Unopposed Motion to Drop Wells Fargo as a Party; Unopposed Motion to Amend Caption and Case Style."   Doc. No. 48.[2]   Plaintiff seeks to file a second amended complaint which drops Wells Fargo as a party, clarifies the basis for this

---

[2]  Plaintiff's first request to amend was denied without prejudice by then-presiding United States District Judge Paul G. Byron.   Doc. No. 42.

Court's jurisdiction as against Regions, clarifies certain factual allegations with respect to the alleged bank transfers between Regions, Wells Fargo, and Fidelity, deletes Plaintiff's unjust enrichment claim against Fidelity, and adds a claim for declaratory judgment and accounting against Fidelity and a claim for indemnification against Regions. *Id.* Plaintiff has attached a copy of the proposed second amended complaint which reflects these changes. Doc. No. 48-1.

The Local Rule 3.01(g) certification states that Fidelity and Wells Fargo do not oppose Plaintiff's motion, and indeed, neither party filed a response. Doc. No. 48, at 5; *see also* Local Rule 3.01(d). Regions, however, does oppose, and has filed a response arguing that any amendment that would include claims against Regions would be futile, given that all claims against Regions would be subject to arbitration. Doc. No. 55.

Upon review, the Court finds that Plaintiff's motion to amend as it pertains to Wells Fargo and Fidelity is well-taken, particularly in light of the lack of opposition. With respect to Plaintiff's attempts to amend to add additional claims and allegations against Regions, however, the Court agrees with Regions that such amendment would be futile. As noted above, the Deposit Agreement's binding arbitration provision is very broad, applies to all of Plaintiff's accounts and covers "any claim, cause of action, dispute, or controversy" between Plaintiff and Regions. Doc. No. 17, at 36-38. Plaintiff does not challenge this language or argue that she

is not bound by the arbitration provision in the Deposit Agreement.   *See* Doc. No. 49.

To the extent there is a dispute over whether Plaintiff's proposed indemnification claim would fall within the Deposit Agreement's arbitration provision (and the Court notes that Plaintiff does not raise this issue or even address the impact of the arbitration provision in her request to amend), the arbitration provision contains a delegation clause, through which questions of arbitrability are themselves subject to arbitration.   *See* Doc. No. 17, at 38 (defining "claim" to have "the broadest possible meaning," and includes "disputes regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the enforceability, scope, reach, or validity" of the arbitration provision).   *See also Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1297 (11th Cir. 2022) (interpreting similar arbitration provision to contain "classic delegation language," and finding that "[by] committing issues about 'what is subject to arbitration' to an arbitrator's review, the provision clearly and unmistakably sends threshold arbitrability disputes to an arbitrator instead of a court."); *In re Checking Acct. Overdraft Litig. MDL No. 2036*, 674 F.3d 1252, 1255–56 (11th Cir. 2012) (finding that, by agreeing to arbitrate issues about "whether a particular dispute or controversy is . . . subject to arbitration," the parties agreed to arbitrate threshold questions about "whether the arbitration agreement covers a

particular controversy" and "whether [the] claims are within the scope of the arbitration agreement" (quotation omitted and alterations adopted)).

Accordingly, any requests by Plaintiff to add new claims against Regions would be futile. *See Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir.1985) (affirming the district court's denial of leave to amend because "[t]he claims contained in the amendment to [the] complaint [were still] subject to the parties' agreement to arbitrate disputes"); *Pro. Mgmt. Servs. Grp., Inc. v. Zurich Am. Ins. Co.*, No. 8:14-cv-2180-T-36EAJ, 2015 WL 1310989, at *2 (M.D. Fla. Mar. 24, 2015) (denying leave to amend complaint as futile because the proposed amendments would be subject to the parties' arbitration agreement, and disputes over the scope of the arbitration agreement were itself subject to arbitration).

For these reasons, Plaintiff's motion (Doc. No. 48) is **GRANTED IN PART AND DENIED IN PART.**  Within **seven (7) days** from the date of this Order, Plaintiff may file a second amended complaint that removes Wells Fargo as a party to this case, and amends the allegations and claims against Fidelity as described in Plaintiff's motion.   Plaintiff's request to file an amended pleading to include any allegations or claims against Regions is **DENIED**.   In light of these rulings, Wells Fargo's Motion to Dismiss First Amended Complaint with Prejudice (Doc. No. 30) is **DENIED as MOOT**, and Fidelity shall answer or otherwise respond to Plaintiff's

second amended complaint within **fourteen (14) days** of its filing.   Fidelity's

unopposed motion to extend time to respond (Doc. No. 57) is **DENIED AS MOOT.**

## IV.   STATUS OF FURTHER PROCEEDINGS.

With the rulings in this Order, all claims against Regions are stayed pending

completion of arbitration.   Upon review of the first amended complaint (Doc. No.

17), Plaintiff's proposed second amended complaint (Doc. No. 48-1), and the

various arguments raised in the parties' filings to date, the Court questions whether

it would be most efficient to stay the remainder of this case while arbitration

proceeds as to Regions.   In particular, the Court has concerns about the potential

for inconsistent judgments in this forum and in arbitration given the relationship

between the parties and the facts, and notes Plaintiff's desire to conduct discovery

from Regions in order to proceed with her claims against Fidelity.   *See* Doc. No. 49.

Accordingly, within **fourteen (14) days** of the date of this Order, Plaintiff and

Fidelity shall each file a memorandum of legal authority not to exceed **seven (7)**

**pages** in length addressing whether this case should be stayed in its entirety

pending final resolution of arbitration as to Regions.

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record