**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GRAYSON GRIFFIN MORGAN,

Plaintiff,

v. Case No.: 6:25-cv-02290-LHP

REGIONS BANK, FIDELITY BROKERAGE SERVICES LLC,

Defendant.

---

**ORDER**[1]
(And Direction to Clerk of Court)

Plaintiff instituted this action against Defendants Regions Bank ("Regions"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Fidelity Brokerage Services LLC ("Fidelity") in state court on October 23, 2025, and the case was removed to this Court on November 26, 2025. Doc. No. 1. Plaintiff filed an amended complaint on December 12, 2025, alleging that a scammer obtained access to Plaintiff's accounts with Regions and performed intra-bank transfers as well as transfers to third-party accounts with Wells Fargo and Fidelity. Doc. No. 17. The amended complaint brought claims against Regions for violations of the Electronic Fund Transfer Act (Counts I-III), Breach of Deposit Agreement (Count IV), and Negligence (Count V), and against Wells Fargo and Fidelity for unjust enrichment (Counts VI-VII). *Id.*

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. Nos. 45-47.

On March 2, 2026, the Court granted Regions' motion to compel arbitration and to stay all claims against it (Doc. No. 24), denied as moot Wells Fargo's motion to dismiss (Doc. No. 30), and granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint (Doc. No. 48), such that Plaintiff was authorized to file an amended pleading that removed Wells Fargo as a party and amended the claims and allegations against the remaining Defendant, Fidelity. Doc. No. 59. Plaintiff timely filed its second amended complaint against Fidelity on March 9, 2026, which alleges a single claim against Fidelity for declaratory judgment and equitable accounting. Doc. No. 62.

Now before the Court is Plaintiff's Unopposed Motion for Declaratory Judgment, through which Plaintiff requests that the Court declare that Plaintiff is the owner of certain funds currently held by Fidelity, and to disburse those funds to Plaintiff. Doc. No. 76. Fidelity does not oppose the motion and stipulates to the facts stated therein. *Id.* at 8. No other party has filed a response to the motion, and the time do so has expired; therefore, the Court deems the motion unopposed in all respects. *See* Local Rule 3.01(d).

Upon consideration of the motion, which sets forth the relevant facts and legal analysis, the Court finds the motion (Doc. No. 76) well taken. Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Declaratory Judgment (Doc. No. 76) is **GRANTED**. The Court **DECLARES** that Plaintiff Grayson Griffin Morgan is the lawful owner of all funds currently held by Defendant Fidelity

Brokerage Services LLC in account number XXX-XX7561 (the "Fidelity Account"). The Clerk is **DIRECTED** to enter declaratory judgment in accordance with this Order.[2]

**Within thirty (30) days** from the date of this Order, Fidelity is **ORDERED** to sell all funds invested in the SPAXX fund in the Fidelity Account and to convert such funds to cash. By this same **thirty (30) day** deadline, and following such conversion, Fidelity is further **ORDERED** to disburse the entirety of the funds in the Fidelity Account to Plaintiff c/o the Saydah Law Firm Trust Account, 7250 Red Bug Lake Road, Suite 1012, Oviedo, Florida 32765.

Because this Order resolves all non-stayed claims in this case, the Clerk is **FURTHER DIRECTED** to terminate all other pending motions and to administratively close the file pending notification by Plaintiff and Regions that arbitration has been completed and/or any party requests further relief.[3] Plaintiff and Regions are **ORDERED** to provide joint status updates regarding the progress

---

[2] The Court notes that Plaintiff's claim against Fidelity requests an equitable accounting of the funds in the Fidelity Account if the amount is less than $159,017.74. Doc. No. 62 ¶ 31. However, Plaintiff does not address this request in the pending motion, and the Court therefore deems it abandoned. *See also* Doc. No. 77, at 1 (noting that resolution of Plaintiff's motion for declaratory judgment "would resolve all outstanding issues between Plaintiff and Fidelity. . . .").

[3] Plaintiff does not represent that resolution of the present motion impacts in any way the arbitration proceedings against Regions, which relate to different claims and different damages (in whole or in part).

of arbitration proceedings within **thirty (30) days** of the date of this Order and every **ninety (90) days** thereafter.

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record